UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

HOME-OWNERS INSURANCE
COMPANY,

        Plaintiff,

v.

BLUE CROSS BLUE SHIELD OF
MICHIGAN,

        Defendants.

_____/

Case No. 17-12973

SENIOR U.S. DISTRICT JUDGE
ARTHUR J. TARNOW

U.S. MAGISTRATE JUDGE
R. STEVEN WHALEN

**ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT [8] AND GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT [9]**

This is a dispute between an auto insurance carrier, Home-Owners Insurance Company ("Home-Owners"), and an employee welfare benefit plan administered by Blue Cross Blue Shield of Michigan ("BCBSM"). The insured party, Tyler Troppman, was involved in an auto accident on October 5, 2012. Plaintiff Home-Owners sue to recover the $112,552.61 that it paid for medical and residential care services provided by Riversbend Rehabilitation, Inc. ("Riversbend") from late 2014 to early 2015.

**FACTUAL BACKGROUND**

On the date of his auto accident, Mr. Troppman was covered by an employee welfare benefit plan established by his employer, Grand Traverse Catholic Schools,

and administered by BCBSM. This plan is governed by the Employee Retirement Income Security Act of 1974 ("ERISA"). Mr. Troppman was also covered by a no-fault personal injury protection (PIP) benefits plan under an automobile policy issued by Home-Owners.

Riversbend is a participating in-network provider under the BCBSM plan. (Def. Ex. 2). BCBSM refused to pay Riversbend's claims until Riversbend provided medical license numbers for its providers. (Def. Ex. 3). Home-Owners was not so demanding, and so Home-Owners, not BCBSM, ended up paying the $112,552.61 for Mr. Troppman's treatment at Riversbend between October 20, 2014 and May 30, 2015. (Pl. Ex. E & F). Home-Owners then asked BCBSM for reimbursement. After BCBS refused, it filed this lawsuit in Washtenaw County Circuit Court on August 14, 2017.

## PROCEDURAL BACKGROUND

This case was removed from Washtenaw County Circuit Court on September 11, 2017 according to 28 U.S.C. § 1331 (Dkt. # 1). The Court has federal question jurisdiction because the insurance contracts are governed by ERISA, 29 U.S.C. ch. 18 § 1001 *et seq*. The parties have filed cross-motions for summary judgment [8 & 9]. Oral argument was held on December 17, 2018.

## STANDARD OF REVIEW

Summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." FED. R. CIV. P. 56(c). Defendant bears the burden of establishing that there are no genuine issues of material fact, it may do by demonstrating that Plaintiff lacks evidence to support an essential element of its case. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). Plaintiff cannot rest on the pleadings and must show more than "some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co., Ltd.*, 475 U.S. at 586-87. Plaintiff must "go beyond the pleadings and by…affidavits, or by the 'depositions, answers to interrogatories, and admissions on file,' designate 'specific facts showing that there is a genuine issue for trial.'" *Celotex Corp.*, 477 U.S. at 324 (quoting Rule 56(e)); *see also United States v. WRW Corp.*, 986 F.2d 138, 143 (6th Cir. 1993).

In this case, both parties agree that there are no material factual disputes. The only disputes at issue are those of law.

## ANALYSIS

Both parties agree that BCBSM was Mr. Troppman's primary medical insurance plan. BCBSM's defense is that 1) Home-Owners paid bills that were not owed by Mr. Troppman and 2) Home-Owners neglected to exhaust its statutory

remedies. Because the first defense is sufficient to grant summary judgment, the Court will not reach the second.

Riversbend was required, as per its contract with BCBSM, to submit "clean claims" for all covered services within 180 days of the date of service. (Def. Ex. 2 ¶ 3.6). The contract provides limited situations where the provider would be able to bill the insured person directly. In order for Riversbend to charge Mr. Troppman, two conditions would have to be met.

> a) Provider documents that a clam was not submitted to BCBSMM within one hundred and eighty days of performance of such services because a Member failed to provide proper identifying information; and
> b) Provider submits a claim to BCBSM for payment consideration within three months after obtaining necessary information.

(Ex. 2, Addendum D § 3).

These two conditions were not met in this case, because Riversbend, not Mr. Troppman, failed to provide proper documentation for the processing of the claim. Riversbend is required to submit in its claim the license number of the medical provider and "any additional information that BCBSM may reasonably request to process or review the claim." (Ex. 2, Addendum E § I). After receiving a claim from Riversbend for the cost of Mr. Troppman's treatment, BCBSM sent Riversbend a provider voucher denying the claim, because the provider license number Riversbend submitted was invalid. (Def. Ex. 3). From January 23, 2015 through August 7, 2015, BCBSM then sent numerous Explanation of Benefits forms to Mr.

Troppman reiterating that Riversbend's claim was denied pending BCBSM's request for additional information, and that Mr. Troppman owed no money. (Def. Ex. 4).

No one told this to Home-Owners, however, and so when Home-Owners received claims from Riversbend, it paid.

ERISA § 502(a)(1)(B) provides the exclusive mechanism for parties seeking reimbursement from ERISA plans. A participant or a beneficiary can both bring suit "to recover benefits due to him under the terms of his plan, to enforce his rights under the terms of the plan, or to clarify his rights to future benefits under the plan." 29 U.S.C. ch. 18 § 1132. No-fault insurers can seek reimbursement only as subrogees of the participant or beneficiary. *Farm Bureau Gen Ins. Co. v. Blue Cross Blue Shield of Mich.*, 2015 WL 4874611 (E.D. Mich. 2015) (aff'd by *Farm Bureau Gen. Ins. Co. of Mich. v. Blue Cross Blue Shield of Mich.*, 655 Fed. Appx. 483 (6th Cir. 2016)) (holding that the plaintiff could only bring suit under ERISA § 502(a)(1)(B) as a subrogee).

Home-Owners lacks standing under ERISA to bring this suit. "[T]he concept of subrogation merely gives the insurer the right to prosecute the cause of action which the insured possessed against anyone legally responsible for the latter's harm." *Auto Club Ins. Assoc. v. New York Life Ins. Co.*, 440 Mich. 126, 135-36 (Mich. 1992); *see also Polec v. Northwestern Airlines (In Re Air Crash Disaster)*,

86 F.3d 498, 550 (6th Cir. 1996) ("Equitable subrogation claims arise where one party satisfies a disproportionate share of an obligation for which two or more parties are potentially liable."). As per its provider contract with BCBSM, however, Riversbend had no right to demand payment from Mr. Troppman, and Mr. Troppman has no legal rights to subrogate to his insurer.

Mr. Troppman was never actually required to pay Riversbend, and so he has no cause of action against BCBSM for which he can act as a subrogor. There is no indication that he ever believed otherwise or represented otherwise to Home-Owners. Mr. Troppman did not even "incur" expenses within the meaning of M.C.L. 500.3107(1)(a). *See Farm Bureau Gen. Ins. Co. v. Blue Cross Blue Shield,* 314 Mich. App. 12, 23-25 (Mich. 2016) (holding that when a medical insurance provider declines to approve a course of treatment, the no-fault insurance company may not thereafter seek reimbursement for claims paid on the insured person's behalf). Home-Owners has no rights as a subrogee, and therefore it lacks standing to sue under ERISA § 502(a)(1)(B).

## Conclusion

There is every indication that Home-Owners paid Riversbend in error. ERISA does not provide a statutory mechanism for a no-fault insurer to seek reimbursement from an ERISA Plan for payments on claims that the ERISA plan did not have a contractual obligation to honor.

Accordingly,

**IT IS ORDERED** that Defendant's Motion for Summary Judgment [9] is **GRANTED**.

**IT IS FURTHER ORDERED** that Plaintiff's Motion for Summary Judgment [8] is **DENIED**.

**SO ORDERED**.

Dated: February 21, 2019

<u>s/Arthur J. Tarnow</u>
Arthur J. Tarnow
Senior United States District Judge